# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Jackie Richardson, | ) |
| Plaintiff, | ) Civil Action No. 9:22-cv-0807-TMC |
| vs. | ) **ORDER** |
| Bryan Stirling, *Director of South Carolina Department of Corrections*; Tonya James, *Warden of Kershaw Correctional Institution*; Jennifer McDuffie, *Associate Warden of Kershaw Correctional Institution*; Thomas Commander, *Major (former) of Kershaw Correctional Institution*; Charlotte Aiello, | ) |
| Defendants. | ) |

Plaintiff Jackie Richardson, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights through sexual abuse, failure to investigate his claims of sexual abuse, and failure to provide him with mental and physical health treatment. (ECF Nos. 1; 20; 46). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On February 23, 2023, Defendants Thomas Commander, Tonya James, Jennifer McDuffie, and Bryan Stirling (the "Additional Defendants") filed a joint motion for summary judgment on the grounds that (1) they are not subject to suit under § 1983 in their official capacities and are entitled to Eleventh Amendment immunity; (2) Plaintiff's allegations do not establish any personal involvement by the Additional Defendants; (3) Plaintiff cannot show any violation of the Eighth Amendment; (4) they are entitled to qualified immunity from suit; and (5) they are not the proper defendants for any claims brought under the South Carolina Tort Claims

1

Act. (ECF No. 94). The same day, Defendant Charlotte Aiello ("Aiello") also filed her own motion for summary judgment on similar grounds that (1) she is entitled to Eleventh Amendment immunity to the extent she is sued in her official capacity; (2) Plaintiff cannot establish a violation of the Eighth Amendment; (3) she is entitled to qualified immunity; and (4) Plaintiff has failed to allege facts establishing a violation of the Fourth Amendment. (ECF No. 93). Plaintiff filed a joint response in opposition to both motions on June 2, 2023. (ECF No. 104). The Additional Defendants did not file a reply, but Aiello did on June 9, 2023. (ECF No. 105). Plaintiff then filed a sur-reply on July 10, 2023.[1] (ECF No. 108).

Now before the court is the magistrate judge's Report, recommending that the court grant Defendants' motions for summary judgment. (ECF No. 109). Plaintiff filed objections to the Report, (ECF No. 114), and Aiello filed a reply thereto (ECF No. 117). Accordingly, this matter is now ripe for review.

## BACKGROUND

In her Report, the magistrate judge sets forth the relevant facts and legal standards, to which Plaintiff does not object and which are, therefore, incorporated herein by reference. (ECF No. 109 at 2–4). Briefly, Plaintiff alleges that from April or May of 2020 until November 2020, while he was incarcerated at Kershaw Correctional Institution ("KCI") of the South Carolina Department of Corrections ("SCDC"), he was repeatedly sexually harassed and assaulted by Aiello, who was working as the Food Service Director for KCI. *See* (ECF No. 46). In his deposition, Plaintiff testified that Aiello began flirting with him in April or May of 2020, shortly after she began

---

[1] As the magistrate judge correctly noted in her Report and Recommendation ("Report"), the Local Rules make no provision for the filing of sur-replies. (ECF No. 109 at 1 n.1). Furthermore, the undersigned's standing order on sur-replies, available at https://www.scd.uscourts.gov/Forms/Other_Judge_Specific_Forms/Cain_Standing_Order_Regarding_Sur-Replies.pdf (D.S.C. Nov. 5, 2020), provides that "parties may not file, nor will the court consider, any sur-reply to a motion absent a showing of good cause and leave of the court." Nevertheless, because Plaintiff is proceeding *pro se*, the undersigned has fully reviewed and considered Plaintiff's sur-reply in reaching its ruling in this matter.

2

working at KCI. (ECF No. 94-3 at 2). Eventually, one morning Aiello approached Plaintiff from behind and began rubbing on him. *Id*. at 2; (ECF No. 104-1 at 7–8). At that point, they began an intimate physical relationship which Plaintiff characterized in his deposition as "consensual;" however, the record also indicates that after each encounter Aiello asked Plaintiff if she could "trust him to keep his mouth shut." (ECF Nos. 94-3 at 49; 104 at 6–7; 104-1 at 8–9). Subsequently, Plaintiff learned from other inmates that Aiello had been telling people he had sexually assaulted her. (ECF No. 93-2 at 8).

In December 2020, Plaintiff filed a Prison Rape Elimination Act ("PREA") claim with SCDC. *See* (ECF No. 94-3 at 2, 21). Plaintiff's claim was investigated by the SCDC Office of Investigations and Intelligence ("OII"), and an investigative report was prepared which concluded that, "[b]ased on the preponderance of evidence, this PREA is substantiated." *Id*. at 6; *see also id*. at 2–7. The report further noted that Aiello did not come forward with her own allegations of sexual assault by Plaintiff until she discovered she was under investigation for having an inappropriate relationship with an inmate and that she refused to speak with OII or to be polygraphed on the advice of her attorney. *Id*. at 6. As a result of the investigation, Aiello was suspended. *See* (ECF No. 104-2 at 2).

Plaintiff then initiated this action on March 11, 2022. (ECF No. 1). His Second Amended Complaint was filed on July 5, 2022, and asserts that Aiello's conduct and sexual assault and the Additional Defendants' conduct during the investigation into his PREA claim violated his Fourth, Eighth, and Fourteenth Amendment rights. (ECF No. 46). For relief, Plaintiff seeks monetary damages as well as declaratory and injunctive relief against Defendants. *Id*. at 27–28.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also

4

be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## DISCUSSION

In her Report, the magistrate judge recommends that the court grant Defendants' motions for summary judgment. *See* (ECF No. 109 at 6–32). The magistrate judge began by addressing the Additional Defendants' motion (ECF No. 94). (ECF No. 109 at 6–17). As to the Additional Defendants, the magistrate judge concluded that (1) they are entitled to immunity under the Eleventh Amendment to the extent they have been named in their official capacities; (2) Plaintiff has failed to allege or produce any evidence of personal involvement by Defendants Stirling, James, and Commander; (3) Plaintiff's Eighth Amendment deliberate indifference claims against Defendants McDuffie and Commander fail as a matter of law because the evidence indicates that Plaintiff's PREA claim was fully investigated and Plaintiff received appropriate medical care; and (4) the Additional Defendants are entitled to qualified immunity because Plaintiff has failed to show a clear constitutional violation. *See id*.

As no party objects to any of the magistrate judge's findings or conclusions as to the Additional Defendants or their motion, *see* (ECF No. 114), the court need only review this portion of the complaint for clear error. *Elijah*, 66 F.4th at 460; *Dunlap*, 288 F. Supp. 3d at 662. Having thoroughly reviewed the parties' briefing, the record, and the magistrate judge's analysis and findings, the court finds no clear error in the conclusions and recommendation of the magistrate judge that summary judgment be granted for the Additional Defendants. Accordingly, the court **ADOPTS** the magistrate judge's analysis and findings in the Report as to the Additional Defendants' (ECF No. 109 at 6–17), and **GRANTS** the Additional Defendants' motion for summary judgment (ECF No. 94).

Turning to Aiello's motion, the magistrate judge similarly found that (1) Aiello is entitled to Eleventh Amendment immunity to the extent Plaintiff seeks to sue her in her official capacity; (2) Plaintiff has failed to show that Aiello violated his Eighth Amendment rights; (3) Aiello is entitled to qualified immunity; and (3) Plaintiff has not established a Fourth Amendment violation. (ECF No. 109 at 17–32). Again, Plaintiff makes no objection to the magistrate judge's reasoning and conclusions with respect to Eleventh Amendment immunity and Plaintiff's Fourth Amendment claims. *See* (ECF No. 114). Therefore, finding no error, the court **ADOPTS** the analysis and findings in the Report as to these issues, (ECF No. 109 at 17, 32), and **GRANTS** summary judgment for Aiello as to Plaintiff's Fourth Amendment claim and to the extent she is named in her official capacity.

However, Plaintiff filed multiple detailed objections to the magistrate judge's analysis and conclusions regarding Plaintiff's Eighth Amendment claim against Aiello and whether Aiello is entitled to qualified immunity thereon, *see* (ECF No. 114), thereby requiring the court to conduct a *de novo* review as to those portions of the Report. *See Elijah*, 66 F.4th at 460.

A.  *Plaintiff's Eighth Amendment Claim Against Aiello*

With respect to Plaintiff's Eighth Amendment claim, the magistrate judge first correctly noted that "a prison official violates the Eighth Amendment if (1) the constitutional deprivation is 'objectively, sufficiently serious' and (2) the prison official has a 'sufficiently culpable state of mind.'"  (ECF No. 109 at 18 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994))).  The magistrate judge then set forth the proper standards for evaluating both prongs of the *Farmer* test:

> As to the objective prong, the plaintiff must show the defendant's alleged wrongdoing was objectively harmful enough to establish a constitutional violation.  This is a context specific inquiry, depending on the claim at issue.  Although the Supreme Court has noted that not every malevolent touch by a prison guard gives rise to a federal cause of action, the Eighth Amendment is offended by conduct that is repugnant to the conscience of mankind.  Conduct is repugnant to the conscience of mankind when it is incompatible with evolving standards of decency or involves the unnecessary and wanton infliction of pain.
>
> As to the subjective prong, courts consider whether the official had a legitimate penological purpose or if he or she acted maliciously and sadistically for the very purpose of causing harm.  Because this is a mental state, unless admitted, it has to be inferred rather than observed from conduct such as harassing comments, or an overly invasive search in violation of facility policy.  As many courts have recognized, the nature of the violative conduct itself will often be enough to demonstrate the prison official's culpable state of mind.

*Id*. at 19 (internal citations and quotation marks omitted).

Applying these standards, the magistrate judge concluded that "[t]here is no penological purpose for engaging in sexual intercourse with an inmate," and, "[t]hus, Defendant Aiello's conduct here is enough to demonstrate her culpable state of mind and establish the subjective component." *Id*. at 20–21.  Turning then to the objective prong, the magistrate judge noted that Congress unanimously passed the PREA, which is the first federal law addressing sexual abuse of prisoners, and "like the overwhelming majority of states, South Carolina criminalizes sexual intercourse between prison officials and inmates." *Id*. at 23 (citing *Crawford v. Cuomo*, 796 F.3d

7

252, 259–60, 260 nn.5–6 (2d Cir. 2015); S.C. Code Ann. § 44-23-1150). Additionally, as the magistrate judge noted, "[t]he South Carolina statute further provides that an inmate is 'not capable of providing consent for sexual intercourse or sexual contact with [a prison official].'" *Id.* (quoting S.C. Code Ann. § 44-23-1150(A)(2)). The magistrate judge properly recognized that "[t]hese legislative enactments are the clearest and most reliable objective evidence of contemporary values." *Id.* (quoting *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020)) (internal quotation marks omitted).

Nevertheless, the magistrate judge also noted that "these laws [criminalizing sexual contact between prisoners and prison officials] do not 'compel a finding that all inappropriate touching is *per se* unconstitutional.'" *Id.* at 25 (quoting *Ricks v. Shover*, 891 F.3d 468, 477–78 (3d Cir. 2018)). In particular, with respect to *consensual* sexual acts between a prisoner and prison official, the magistrate judge found that, while "'never appropriate, it isn't clear that they necessarily violate the Eighth Amendment's prohibition on the infliction of cruel and unusual punishments.'" *Id.* at 24 (quoting *DeJesus v. Lewis*, 14 F.4th 1182, 1211 (11th Cir. 2021) (J. Luck, concurring in result) (collecting cases)). The magistrate judge noted "courts have recognized that not every allegation of sexual abuse is 'objectively, sufficiently serious' for purposes of the Eighth Amendment" such that, "'even if sexualized touching lacks a penological purpose, it may still fall below the threshold of constitutional cognizability based on a lack of objective seriousness.'" *Id.* (quoting *Ricks v. Shover*, 891 F.3d 468, 476 (3d Cir. 2018)). The magistrate judge further acknowledged that although the Fourth Circuit has not yet addressed whether a prisoner can legally consent to a statutorily-criminalized sexual relationship with a prison official, there is at least one case from this District suggesting a prisoner can consent. *Id.* (citing *Garland v. Sherrill*, C/A No. 5:12-0090-CMC-KDW, 2013 WL 557260 (D.S.C. Feb. 13, 2013) (denying Plaintiff's motion for partial

8

summary judgment on an Eighth Amendment claim based, in part, on the fact that "there is no legislative history that supports the conclusion that consensual sex between a prison inmate and a guard, in the prison setting, rises to the level of a violation of the Eighth Amendment's prohibition against cruel and unusual punishment" (internal quotation marks and alterations omitted))).

Based on these principles, the magistrate judge concluded that Plaintiff's claim could not rest solely on his legal inability to consent under S.C. Code Ann. § 44-23-1150 because "[a] violation of the statute does not compel a finding of a constitutional violation." *Id*. at 26. Instead, the magistrate judge found that "factual willingness to engage in sexual activity is salient to the 'context specific' inquiry of determining whether the conduct here is objectively cruel and unusual for purposes of an Eighth Amendment violation." *Id*. After detailing the facts in evidence, the magistrate judge concluded that Plaintiff could not satisfy the objective prong for an Eighth Amendment violation for three reasons: (1) there is evidence in the record, including Plaintiff's deposition testimony, that the contact between Plaintiff and Aiello was consensual; (2) while "there exists an imbalance of power in the custodial relationship in the prison setting, the facts here do not show that this power dynamic came into play between Plaintiff and Defendant Aiello[;]" and (3) "there is no evidence that the sexual contact here was done under coercion or for a quid pro quo exchange of favors." *Id*. at 28–29. Therefore, the magistrate judge concluded that Plaintiff could not establish an Eighth Amendment violation and recommended Aiello be granted summary judgment thereon. *Id*. at 29.

The bulk of Plaintiff's objections relate to the magistrate judge's fact specific analysis and essentially assert that, viewing the evidence and the facts in the light most favorable to Plaintiff, a reasonable factfinder could conclude that Aiello's conduct was objectively harmful enough to constitute a constitutional violation. *See* (ECF No. 114 at 1–7). The court agrees.

9

When determining whether a genuine issue of fact has been raised for purposes of summary judgment, the court is required to "'construe all inferences and ambiguities in favor of the nonmoving party[,]'" in this case, Plaintiff. *Sellers v. Keller Unlimited LLC*, 388 F. Supp. 3d 646, 649 (D.S.C. 2019) (quoting *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996)). While the magistrate judge is correct that there is evidence in the record that the sexual contact between Plaintiff and Aiello was consensual, there is also conflicting evidence to suggest that Aiello used her authority and position, as well as her relationships with other inmates, to coerce and threaten Plaintiff. Aside from Aiello's own self-serving allegations that Plaintiff sexually assaulted her—which the court notes she did not raise until after she knew she was being investigated on Plaintiff's PREA claim—the evidence in the record establishes that Aiello instigated all contact with Plaintiff. Additionally, although Defendants and the magistrate judge attempt to rely heavily on Plaintiff's deposition testimony that the relationship was consensual, but court finds the context of that testimony to be equally important and contrary to a clear-cut finding of consent. *See* (ECF No. 93-2 at 4). Based on the record before the court, the first time Aiello's counsel asked Plaintiff if the contact was consensual, he was asking in the context of comparing Plaintiff's allegations with Aiello's claims that she was actually the victim of sexual assault by Plaintiff. *Id*. Counsel asked Plaintiff, "is it your understanding that you're saying that y'all had consensual sex whereas she is saying that it was not, correct?", to which Plaintiff replied, "Yes. Correct." *Id*. A reasonable person could understand this question and Plaintiff's response thereto to simply confirm that Plaintiff and Aiello are asserting different allegations as to what happened, rather than Plaintiff confirming that he believed the relationship was consensual. Moreover, the fact that Plaintiff filed a PREA claim itself suggests that the relationship was not strictly consensual, not to mention the facts that the claim was substantiated

and that Aiello refused to be interviewed or polygraphed as part of the investigation. *See* (ECF No. 94-3). As noted above, the record also indicates that after each encounter Aiello asked Plaintiff if she could "trust him to keep his mouth shut." (ECF Nos. 94-3 at 49; 104 at 6–7; 104-1 at 8–9). Finally, Plaintiff also testified and noted repeatedly in his briefing and objections that Aiello spoke about him to other inmates who then sought to fight Plaintiff "for her honor," suggesting that Aiello used her relationships with other inmates to retaliate against Plaintiff if he did not comply. *See* (ECF Nos. 93-2 at 8; 94-3 at 6; 104; 104-1).

    Based on the foregoing, the court finds that there is sufficient evidence in the record to create genuine questions of fact regarding whether the sexual contact between Plaintiff and Aiello was consensual on Plaintiff's part and, consequently, whether Aiello's conduct was objectively harmful enough to constitute a violation of the Eighth Amendment.

    *B. Aiello's Entitlement to Qualified Immunity*

Lastly, the magistrate judge concluded that, even if Plaintiff could establish a claim for violation of his Eighth Amendment rights, Aiello would be entitled to qualified immunity. The magistrate judge properly recognized that "'[t]he threshold inquiry a court must undertake in a qualified immunity analysis is whether a plaintiff's allegations, if true, establish a clear constitutional violation[,]'" and, if so, "qualified immunity nonetheless shields a prison official from liability[] unless the violation was of a 'clearly established right of which a reasonable person would have known.'" (ECF No. 109 at 30 (quoting *Hope v. Pelzer*, 536 U.S. 730, 736 (2002); *Wilson v. Kittoe*, 337 F.3d 392, 397 (4th Cir. 2003))). The magistrate judge concluded that "is has been clearly established since at least 2015 that inmates have a right to be free from sexual abuse." *Id*. However, she reasoned that Aiello is nevertheless entitled to qualified immunity because "there is nothing in the Fourth Circuit, nor is there a consensus of persuasive authority, addressing the

11

issue of whether *consensual sex* between a prison official and a prisoner amounts to cruel and unusual punishment under the Eighth Amendment." *Id*. at 31.  Thus, the magistrate judge determined that, "[t]hough undoubtedly inappropriate, and indeed criminal under South Carolina law, a reasonable government official would not have known that engaging in consensual sex with an inmate would amount to cruel and unusual punishment under the Eighth Amendment[,]" such that "Aiello has met her burden to show that her actions did not violate 'clearly established' law for purposes of Plaintiff's Eighth Amendment claims." *Id*.

Plaintiff objects to the magistrate judge's conclusion based on S.C. Code Ann. § 44-23-1150 and the PREA, asserting that Aiello's PREA training course made her aware that her actions violated established law and repeating that "[he] did not consent to her sexual contact and interactions." (ECF No. 114 at 8); *see also id*. at 7–8.  Having conducted a *de novo* review of the issue, the court respectfully declines to adopt the magistrate judge's conclusion and recommendation on this issue.  The magistrate judge's analysis relies on her finding that the sexual contact between Plaintiff and Aiello was consensual and properly concludes that whether consensual sex between a prisoner and a prison official amounts to a constitutional violation is not clearly established.  *See* (ECF No. 109 at 31).  However, based on the court's finding herein that a genuine question of fact exists regarding whether the sexual contact was consensual or not, and the magistrate judge's correct acknowledgement that "it has been clearly established . . . that inmates have a right to be free from sexual abuse[,]" the court necessarily concludes that a material question of fact also remains as to whether Aiello's conduct violated a clearly established right for purposes of determining her entitlement to qualified immunity.

12

## CONCLUSION

Based on the foregoing, Plaintiff's objections (ECF No. 114) are **SUSTAINED** and the court **ADOPTS in part** the magistrate judge's Report (ECF No. 109). Specifically, the court **ADOPTS** the Report with respect to the Additional Defendants' motion for summary judgment, Plaintiff's Fourth Amendment claim against Aiello, and Aiello's entitlement to Eleventh Amendment immunity to the extent she is sued in her official capacity. Accordingly, the court **GRANTS** the Additional Defendants' motion for summary judgment (ECF No. 94), and **GRANTS in part** summary judgment to Aiello as to Plaintiff's Fourth Amendment claim and to the extent she has been named in her official capacity (ECF No. 93). However, the court **DECLINES TO ADOPT** the Report with respect to the Eighth Amendment claim against Aiello and as to Aiello's entitlement to qualified immunity and **DENIES** Aiello's motion for summary judgment as to these issues. This matter is now returned to the magistrate judge for further pre-trial processing.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 1, 2023

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

13